## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CORDELIA EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| UNUMPPROVIDENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF REMOVAL

UNUMPROVIDENT Corporation ("UNUM") hereby removes this action from the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia.

### I.    PARTIES

1.    UNUM is a corporation organized and existing under the laws of Delaware with its principal place of business in Tennessee.

### II.    JURISDICTION

2.    Jurisdiction of Plaintiff's claims against UNUM is vested in the court pursuant to 28 U.S.C. §§ 1331 and 1441, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. The entire case is removable to this court pursuant to 28 U.S.C. § 1441(c).

## III.    FACTS

3.    Plaintiff instituted this action in the Superior Court for the District of Columbia County, styled *Cordelia Evans v. UNUMPROVIDENT Corporation,* Civil Action No.: 05-0007811. A copy of Plaintiff's Complaint is attached as Exhibit A.  Plaintiff's suit was served on UNUM's registered agent on October 7, 2005.

4.    A copy of UNUM's Consent Motion for Extension of Time to File a Response is attached as Exhibit B.  A copy of UNUM's Answer is attached as Exhibit C.  A copy of UNUM's Notice of Filing of Notice of Removal is attached as Exhibit D.  Upon information and belief, these are all of the pleadings filed in this matter in the Superior Court for the District of Columbia.

5.    In her Complaint, Plaintiff claims disability insurance benefits from an employee welfare benefit plan sponsored by her former employer, which such benefit plan is regulated by ERISA.

6.    The controversy between Plaintiff and UNUM involves a federal question over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, since Plaintiff's claims arise out of an employee welfare benefit plan, governed by ERISA.

7.    A Notice of Filing of Notice of Removal is being filed contemporaneously with the Superior Court for the District of Columbia.

WHEREFORE, Defendant UNUM hereby removes this action to this court.

Respectfully submitted,

UNUMPPROVIDENT CORPORATION

By: _____
               Of Counsel

2

Eric W. Schwartz, Esquire (D.C. Bar No. 415292)
Jennifer A. Kerkhoff (D.C. Bar No. 475353)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, D.C.  20004-2134
Telephone:  (202) 274-2950
Facsimile:  (202) 274-2994
eric.schwartz@troutmansanders.com
jennifer.kerkhoff@troutmansanders.com

*Counsel to Defendant UNUMPROVIDENT Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of November, 2005, a copy of the above and foregoing Notice of Removal was sent via first-class mail, postage prepaid, to the following:

Matthew H. Goodman
Rensin & Rosenstein, LLP
6200 Baltimore Avenue, Suite 400
Riverdale, Maryland 20737

Jennifer A. Kerkhoff

301019

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CORDELIA EVANS            )
8818 Junaluska Terrace     )
Clinton, Maryland 20735    )
                      )
        Plaintiff      )
                      )
        v            )
                      )
UNUM PROVIDENT CORPORATION )
SERVE: C.T. CORPORATION SYSTEM)
1015 15TH Street N.W. Ste 1000 )
Washington, D.C.  20005    )
        Defendant     )

RECEIVED
Civil Clerk's Office

SEP 2 3 2005

Superior Court of the
District of Columbia
Washington, D.C.

RECEIVED
OCT 4 2005
LAW DEPT.

COMPLAINT    05-0007811

(Breach of Contract)

     Comes now the Plaintiff, Cordelia Evans, by and through counsel and of and for cause of action respectfully states as follows:

     1.  Plaintiff is an adult citizen of the United States and resident of the State of Maryland.

     2.  Upon information and belief, Defendant is an insurance company licensed to conduct business in the District of Columbia and which issued a group long term disability plan to the Plaintiff, on or about April 1, 2004 in the District of Columbia.

     3.  On or about April 1, 2004, Plaintiff purchased, for valuable consideration, a group long term disability plan whereby Defendant agreed to provide long term disability payments in the event that Plaintiff suffers a disability resulting in a limitation of her material and substantial duties of her regular

EXHIBIT
_A_

occupation due to sickness or injury and when Plaintiff incurs 20% or more loss in her index monthly earnings due to the sickness or injury.

4.   On or about November 12, 2004, the Plaintiff developed difficulty breathing and subsequently diagnosed with a hyperactive goiter that severely hindered her airways and which materially and substantially affected her ability to perform her regular duties at work.

5.   Plaintiff was advised by her treating physician to remain off work from November 12, 2004 through May 12, 2005 due to her illness.

6.   On or about January 18, 2005 the Plaintiff submitted a claim for long term disability benefits caused by her illness.

7.   Despite repeated demands and medical documentation supporting Plaintiff's claim for long term disability benefits, Defendant has refused to provide long term disability benefits to the Plaintiff and breach of contract.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in the sum of Five Thousand Five Hundred Sixty Eight Dollars ($5,568.00) plus costs and interest.

Respectfully submitted,

RENSIN & ROSENSTEIN, LLP

MATTHEW H. GOODMAN #445404
6200 Baltimore Avenue Suite 400
Riverdale, Maryland 20737
(301) 864-4200

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RECEIVED

OCT 10 2005

LAW DEPT.

CORDELIA EVANS
Vs.                                         C.A. No.        2005 CA 007811 B
UNUM PROVIDENT CORPORATION

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ
Date:        September 23, 2005
Initial Conference: 9:30 am, Friday, January 06, 2006
Location:   Courtroom 415
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio-60.doc

RECEIVED
OCT 10 2005
LAW DEPT.

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W.,  Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

Cordelia Evans
8818 Junaluska Terrace
Clinton, Maryland  20735

05-0007811

*Plaintiff*

vs.

Civil Action No. _____

UNUM Provident Corporation
Serve: C.T. Corporation System
1015 15th Street NW
Suite 1000                    *Defendant*
Washington, D.C.  20005

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Matthew H. Goodman #445404
_____
Name of Plaintiff's Attorney
6705 Baltimore Avenue #400

By _____
                  Deputy Clerk
_____
Address
Riverdale, Maryland  20737

301-864-4200
_____
Telephone

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(tp)-456/May 03

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CORDELIA EVANS,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )          Civil Action No.: 05-0007811
                                   )
UNUM PROVIDENT CORPORATION,        )
                                   )
        Defendant.                 )
                                   )

*RECEIVED CIVIL CLERK'S OFFICE OCT 2 7 2005 SUPERIOR COURT OF THE DISTRICT OF COLUMBIA WASHINGTON, D.C.*

## CONSENT MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE

Defendant Unum Provident Corporation ("Unum"), through undersigned counsel, pursuant to Rule 6(b), respectfully requests that this Court extend the time for Unum to file a response to Plaintiff's Complaint.

Unum was served with the Complaint and summons on October 7, 2005. Pursuant to Rule 12(a), Unum must file a response by October 27, 2005. Since it was served with the Complaint and summons, Unum has engaged undersigned counsel and has begun gathering the necessary information and documentation to prepare a response to the Complaint. Additional time is necessary to prepare a mature and thorough response to the Complaint. Accordingly, undersigned counsel contacted Plaintiff's counsel to request additional time to respond to the Complaint. Plaintiff's counsel consented to Unum's request, agreeing to an extension of time until November 4, 2005. This is the first time Unum has requested an extension in this case.

For the foregoing reasons, Defendant Unum Provident Corporation respectfully requests that this Court extend the time to respond to Plaintiff's Complaint until November 4, 2005. A proposed order is submitted herewith for the Court's convenience.

DATED this 27th day of October, 2005.



EXHIBIT
B

Respectfully submitted,

UNUM PROVIDENT CORPORATION

By: _____
                    Of Counsel

Eric W. Schwartz, Esquire (D.C. Bar No. 415292)
Jennifer A. Kerkhoff (D.C. Bar No. 475353)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, D.C.  20004-2134
Telephone:  (202) 274-2950
Facsimile:  (202) 274-2994
eric.schwartz@troutmansanders.com
jennifer.kerkhoff@troutmansanders.com

*Counsel to Defendant Unum Provident Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of October, 2005, a copy of the above and foregoing Consent Motion was sent via first-class mail, postage prepaid, to the following:

Matthew H. Goodman
Rensin & Rosenstein, LLP
6200 Baltimore Avenue, Suite 400
Riverdale, Maryland 20737

Jennifer A. Kerkhoff

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CORDELIA EVANS,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Civil Action No.: 05-0007811
                                       )
UNUM PROVIDENT CORPORATION,            )
                                       )
        Defendant.                     )
                                       )

## ORDER

Before the Court is the Consent Motion for an Extension of Time to File a Response,

filed by Defendant Unum Provident Corporation. Upon review of the motion and the Court

being fully apprised in the matter, it is hereby

ORDERED, that Defendant Unum Provident Corporation has until November 4, 2005 to

file a response to Plaintiff's Complaint.

DATED this _____ day of October, 2005.


_____

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CORDELIA EVANS,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Civil Action No.: 05-0007811
                                         )
UNUMPPROVIDENT CORPORATION,              )
                                         )
        Defendant.                       )
                                         )

## ANSWER

Defendant UNUM Life Insurance Company of America ("UNUM"),[1] by counsel, submits this Answer to the Plaintiff's Complaint.

1.      UNUM is without information sufficient to form a belief as to the allegations made in paragraph 1 of the Complaint and therefore denies them.

2.      The allegation made in paragraph 2 of the Complaint concerning UNUM's being licensed to transact business in the District of Columbia are admitted. The remaining allegations made in paragraph 2 of the Complaint are denied. UNUM avers affirmatively that it issued a group long-term disability ("LTD") insurance policy to Plaintiff's employer, which funded an employee welfare benefit plan (the "Plan"), regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), sponsored and administered by the employer, making LTD benefits available to eligible employee participants.

---

[1] Plaintiff wrongfully sued UNUMPROVIDENT Corporation. UNUM is a subsidiary of UNUMPROVIDENT Corporation. UNUM issued the group long-term disability insurance policy which funded the employee welfare benefit plan at issue but UNUMPROVIDENT is a holding company which does not issue insurance. Plaintiff's Complaint should be dismissed for misnaming the defendant, or, plaintiff should move the court for entry of an Order permitting substitution of the correct defendant.

1

EXHIBIT

tabbies

C

3.      The allegations made in paragraph 3 of the Complaint are denied. UNUM avers affirmatively that it issued a group LTD insurance policy to Plaintiff's former employer which funded the Plan, but Plaintiff did not purchase an insurance contract from UNUM.

4-6.    The allegations made in paragraphs 4 – 6 of the Complaint pertain to documents which speak for themselves, namely, UNUM's file maintained in connection with Plaintiff's LTD benefit claim (the "Administrative Record"), and, therefore, no response to the same is required. To the extent the allegations vary from those documents, they are denied.

7.      The allegations made in paragraphs 7 of the Complaint are denied.

8.      Defendant is not indebted to the plaintiff for any reason.

9.      All allegations made in the Complaint not specifically responded to above are denied.

10.     To the extent the Complaint attempts to plead a state law claim for breach of contract, such claim is preempted by federal law, namely, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and, must be dismissed.

11.     Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

12.     Plaintiff may be estopped to claim the relief sought in the Complaint.

13.     Plaintiff may have waived any rights to claim the relief sought in the Complaint.

14.     Plaintiff's claims against Defendant is barred as a result of the plaintiff's failure to exhaust administrative remedies.

15.     Plaintiff's Complaint may be barred by the applicable limitations period and/or laches.

16.    Defendant has discharged its duties with respect to the Plan, in the interest of the Plan participants and their beneficiaries, and in doing so, Defendant has acted in accordance with the documents and instruments governing the Plan, as well as applicable law.

17.    Defendant asserts that, in the event plaintiff is entitled to benefits, which Defendant denies, Defendant is entitled to a set-off for any additional other income benefits that should be taken into account in calculating plaintiff's LTD benefits, including, but not limited to, any benefits plaintiff has received from the Social Security Administration or Workers Compensation.

18.    Plaintiff's claims are barred, in whole or in part, because the benefits determination was not the result of an abuse of discretion, unreasonable or made in bad faith, but rather, was reasonable based on substantial evidence and was in accordance with the terms of the employee benefit Plan.

19.    Defendant reserves the right to expand, alter, enlarge, or amend its Answer at any time it may be so advised.

WHEREFORE, defendant requests that plaintiff's Complaint be dismissed with prejudice and that it be awarded its attorneys' fees and costs incurred herein.

UNUMPPROVIDENT CORPORATION

By: _____
              Of Counsel

Eric W. Schwartz, Esquire (D.C. Bar No. 415292)
Jennifer A. Kerkhoff (D.C. Bar No. 475353)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, D.C.  20004-2134
Telephone:  (202) 274-2950
Facsimile:  (202) 274-2994
eric.schwartz@troutmansanders.com
jennifer.kerkhoff@troutmansanders.com

*Counsel to Defendant UNUMPROVIDENT Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of November, 2005, a copy of the above and foregoing Answer was sent via first-class mail, postage prepaid, to the following:

> Matthew H. Goodman
> Rensin & Rosenstein, LLP
> 6200 Baltimore Avenue, Suite 400
> Riverdale, Maryland 20737

Jennifer A. Kerkhoff

301021

4

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

CORDELIA EVANS,

    Plaintiff,

v.

UNUMPPROVIDENT CORPORATION,

    Defendant.

Civil Action No.: 05-0007811

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that a Notice of Removal of this action from the Superior

Court of the District of Columbia, to the United States District Court for the District of Columbia

(a copy of which is attached as Exhibit 1) was filed on the 3rd day of November, 2005 in the

United States District Court for the District of Columbia, thereby effecting removal of this

action, and pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further.

UNUMPPROVIDENT CORPORATION

By: _____
              Of Counsel

Eric W. Schwartz, Esquire (D.C. Bar No. 415292)
Jennifer A. Kerkhoff (D.C. Bar No. 475353)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Ste. 1000
Washington, D.C. 20004-2134
Telephone: (202) 274-2950
Facsimile: (202) 274-2994
eric.schwartz@troutmansanders.com
jennifer.kerkhoff@troutmansanders.com

*Counsel to Defendant UNUMPROVIDENT Corporation*



EXHIBIT

D

1

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of November, 2005, a copy of the above and foregoing Notice of Filing of Notice of Removal was sent via first-class mail, postage prepaid, to the following:

Matthew H. Goodman
Rensin & Rosenstein, LLP
6200 Baltimore Avenue, Suite 400
Riverdale, Maryland 20737

Jennifer A. Kerkhoff

301020

2